```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
STRIKE 3 HOLDINGS, LLC,                   :   24cv7280 (DLC)
                                          :
                          Plaintiff,      :   ORDER
                                          :
                -v-                       :
                                          :
JOHN DOE subscriber assigned IP           :
address 24.104.242.177,                   :
                                          :
                          Defendant.      :
                                          :
----------------------------------------- X
```

DENISE COTE, District Judge:

Plaintiff Strike 3 Holdings, LLC ("Strike 3") seeks to serve a subpoena on Spectrum, an internet service provider ("ISP"), in order to ascertain the identity of the John Doe defendant in this case. Plaintiff has made out a prima facie claim of copyright infringement and is entitled to serve a subpoena on Spectrum in order to ascertain the identity of the defendant. The Court also concludes that there is good cause to issue a protective order in connection with this subpoena in light of the risk for false positive identifications that could result in "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Accordingly, it is hereby

ORDERED that Strike 3 may serve a Rule 45 subpoena on Spectrum, the ISP identified in its motion, to obtain information to identify John Doe, specifically her or his true

name and current and permanent address. Plaintiff shall not subpoena the ISP for John Doe's email addresses or telephone numbers. The subpoena shall have a copy of this Order attached, along with the attached "Notice to Defendant."

IT IS FURTHER ORDERED that Spectrum will have 60 days from the date of service of the Rule 45 subpoena upon them to serve John Doe with a copy of the subpoena, a copy of this Order, and a copy of the "Notice to Defendant." The Order should be attached to the "Notice to Defendant" such that the "Notice to Defendant" is the first page of the materials enclosed with the subpoena. Spectrum may serve John Doe using any reasonable means, including written notice sent to her or his last known address, transmitted either by first-class mail or via overnight service.

IT IS FURTHER ORDERED that John Doe shall have 30 days from the date of service of the Rule 45 subpoena and this Order upon her or him to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. Spectrum may not turn over John Doe's identifying information to Strike 3 before the expiration of this 30-day period. Additionally, if John Doe or Spectrum files a motion to quash the subpoena, Spectrum may not turn over any information to Strike 3 until the issues have been addressed and the Court

issues an Order instructing Spectrum to resume in turning over the requested discovery. John Doe, should he or she move to quash the subpoena or to proceed anonymously, shall at the same time as her or his filing also notify Spectrum so that it is on notice not to release any of John Doe's contact information to plaintiff until the Court rules on any such motions.

IT IS FURTHER ORDERED that if that 30-day period lapses without John Doe or Spectrum contesting the subpoena, Spectrum shall have 10 days to produce to the plaintiff the information responsive to the subpoena.

IT IS FURTHER ORDERED that Spectrum shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

IT IS FURTHER ORDERED that Spectrum shall confer with Strike 3 and shall not assess any charge in advance of providing the information requested in the subpoena. Should Spectrum elect to charge for the costs of production, it shall provide a billing summary and cost report to the plaintiff.

IT IS FURTHER ORDERED that Strike 3 shall serve a copy of this Order along with any subpoenas issued pursuant to this Order to Spectrum.

IT IS FURTHER ORDERED that any information ultimately disclosed to Strike 3 in response to a Rule 45 subpoena may be used by Strike 3 solely for the purpose of protecting Strike 3's

3

rights as set forth in its complaint.

Dated:    New York, New York
          October 17, 2024

                                        _____
                                              DENISE COTE
                                        United States District Judge

## **NOTICE TO DEFENDANT**

1. You are a defendant in *Strike 3 Holdings, LLC v. John Doe,* 24-cv-7280 (DLC), a case now pending before the Honorable Denise Cote, United States District Judge for the Southern District of New York.

2. Attached is Judge Cote's Order, dated October 17, 2024, which sets forth certain deadlines and procedures related to this case.

3. You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se,* all communications with the Court should be through the *Pro Se* Office of the United States District Court for the Southern District of New York. The *Pro Se* Office is located in Room 105 of the United States Courthouse, 40 Foley Square, New York, N.Y. 10007, and may be reached at (212) 805–0175.

4. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed a movie on your computer.

5. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. The plaintiff has filed subpoenas requesting your identity and contact information from your Internet Service Provider ("ISP").

7. If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. If you choose to proceed *pro se,* your motion to quash or modify the subpoena should be mailed to the *Pro Se* Office, as described in paragraph 3.

8. If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the *Pro Se* Office of the Court. This information is *solely for use by the Court* and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it. The Court must have this information so that it may communicate with you regarding the case.

9. Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time. This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10. If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case. If you choose to proceed *pro se*, your letter should be mailed to the *Pro Se* Office, as described in paragraph 3. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. You should identify yourself in your letter by the case in which you are a defendant and your IP address. If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.